1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CR-05-304-AWI** |
| | ) | |
| **Plaintiff,** | ) | **AMENDED PRETRIAL** |
| | ) | **ORDER** |
| **v.** | ) | |
| | ) | **Trial Confirmation and** |
| **MIGUEL AGUILERA ALVAREZ,** | ) | **Motions In Limine Hearing:** |
| | ) | **May 14, 2007** |
| **Defendant.** | ) | **9:00 a.m., Courtroom 2** |
| _____ | ) | |
| | | **Trial:  May 22, 2007** |
| | | **8:30 a.m., Courtroom 2** |
| | | |
| | | **RULES OF CONDUCT** |

19      On April 9, 2007, the Court accepted the change of plea of co-defendant Ingacio

20 Estrada Ortega, and vacated the then pending trial date of Miguel Aguilera Alvarez.  The Court

21 then reset Miguel Aguilera Alvarez's trial for May 22, 2007.  Counsel shall be present at 8:30

22 a.m. on May 22, 2007, to resolve any remaining matters.

23 I.  Motions In Limine Hearing and Briefing Schedule

24      The hearing to consider motions in limine will be held on May 14, 2007, at 9:00

25 a.m. in Courtroom Three.  In addition to addressing any filed motions in limine, at that time the

26 court will conduct a trial confirmation hearing and, to the extent possible, address any other

27 outstanding matters pertaining to the conduct of the trial.

28      By 4:00 p.m. on April 23, 2007, all motions in limine, with supporting points and

1  authorities, shall be filed and served.

2      By 4:00 p.m. on May 7, 2007, opposition to any motion in limine shall be filed

3  and served.  If a party does not oppose a motion in limine, that party shall file and serve in the

4  same manner a Statement of Non-Opposition to that motion in limine.

5      By 12:00 p.m. (Noon) on May 10, 2007, replies to any opposition shall be filed

6  and served.

7  II.  Witness List

8      The United States shall file and serve its witness list by 4:00 p.m. on Thursday,

9  May 17, 2007.

10  III.  Trial Briefs

11      All parties are directed to file and serve a trial brief by 4:00 p.m. on Thursday,

12  May 17, 2007.

13      The parties need not include in a trial brief any issue that is adequately addressed

14  in a motion in limine, or in an opposition brief to a motion in limine.  Also, the court does not

15  require in a trial brief the advance disclosure of a party's trial strategy or any information

16  protected from advance disclosure by constitutional, statutory or case authority.

17  IV.  Proposed Jury Instructions

18      The parties shall file and serve proposed jury instructions by 4:00 p.m. on

19  Thursday, May 17, 2007, along with a copy of the instructions on a 3-1/2 inch computer disc,

20  preferably formatted for WordPerfect 10.

21      All proposed jury instructions shall be in duplicate.  One set shall indicate the

22  party proposing the instruction, with each instruction numbered or lettered, shall cite supporting

23  authority, and shall include the customary "Given, Given as Modified, or Refused," showing the

24  court's action with regard to each instruction.  The other set shall be an exact copy of the first set,

25  but shall be a "clean" copy that does not contain the identification of the offering party,

26  instruction number or letter, supporting authority, or reference to the court's disposition of the

27

28          2

proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

V.  Exhibits

The United States shall lodge with the Courtroom Deputy two sets of its exhibit binder, plus the original and two copies of its exhibit list, by 4:00 p.m. on Thursday, May 17, 2007.  The United States shall also serve copies of its exhibit binder and exhibit list upon defendant by 4:00 p.m. on Thursday, May 17, 2007.

The parties are ordered to confer after the trial confirmation hearing for the purpose of pre-marking exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  The United States' exhibits shall be pre-marked with numbers.  Defense exhibits are to be pre-marked with letters.[1]

1.  Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

a.  Duplicate exhibits, i.e., documents that all parties desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

b.  As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendant's Exhibit A, and shall  be listed in the offering party's index in a column entitled

---

[1]To the extent that defendant is able to disclose exhibits in advance of trial, such exhibits shall be subject to the joint determination procedure set forth in this portion of the Pretrial Order.

"Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

c.  Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendant's Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

d.  Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiff's Exhibit 3 - For Identification or Defendant's Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

2.  Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|-----------|-------------|----------------------|----------------------|-----------------|
|           |             |                      |                      |                 |

The court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

VI.  Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on Thursday, May 17, 2007.

Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

4

## VII.  Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk on May 17, 2007.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

_____If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

## VIII.  Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 4:00 p.m., Thursday, May 17, 2007.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

## IX.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well.

The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

X.  Objections To Pretrial Order

As to any deadline in this Order that occurs after the date of the trial confirmation hearing, any party may ask for reconsideration and/or the court may sua sponte revise that date at the trial confirmation hearing.  Other than such dates, any party who objects to any aspect of this Pretrial Order may, within ten (10) calendar days after the date of service of this order, file and serve written objections to such provisions of this order.  Any such objection shall specify a requested correction, addition or deletion.

XI.  Rules of Conduct During Trial

A.  General Rules

1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

B.  Jury Selection

1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

C.  Opening Statements

1.  Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D.  Case in Chief

1.  Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.  At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E.  Witnesses

1.  Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.  Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F.  Exhibits

1.  All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.  An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.  The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G.  Objections

1.  No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the

1  next recess.

2       2.  The court will not assume that any objection made also implies with it a motion

3  to strike an answer that has been given.  Therefore, counsel who has made an objection,

4  and who also wishes to have an answer stricken, shall also specifically move to strike the

5  answer.

6       H.  Closing Argument

7       1.  Counsel may use visual aids in presenting the closing argument.  However, any

8  proposed visual aids shall be shown to opposing counsel before closing argument.

9

10 FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS

11 FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON

12 ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER

13

14 IT IS SO ORDERED.

15 **Dated:   April 9, 2007**                     _____/s/ Anthony W. Ishii_____
16 0m8i78                                         UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                              8