IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL AGUILERA ALVAREZ, </br></br>Petitioner, </br></br>v. </br></br>UNITED STATES OF AMERICA, </br></br>Respondent. | 1:08-CV-704 AWI </br></br>(1:05-CR-304 AWI) </br></br>ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255 </br></br>(Doc. No. 134) |

Petitioner Miguel Angel Aguilera Alvarez ("Petitioner") seeks relief under 28 U.S.C. § 2255 from a sentence of 87 months custody in the Bureau of Prisons that was imposed by this Court on February 15, 2008, following Petitioner's entry of a plea of guilty to conspiracy to distribute and possess methamphetamine with intent to distribute and aiding and abetting under 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2.  Petitioner alleges that he received ineffective assistance of counsel.  Petitioner's motion will be denied.

**Background**

On September 4, 2007, pursuant to a plea agreement, Petitioner pled guilty to distribution of methamphetamine and aiding and abetting.  Pursuant to the plea bargain, Petitioner agreed to waive his right to appeal and his right to collaterally attack his sentence, including through a petition under § 2255.[1]  See Court's Docket Doc. No. 122.  Further, Petitioner acknowledged that

---

[1] The plea bargain in this respect reads: "The defendant also waives his right to challenge his conviction, sentence or the manner in which it is determined in any post-conviction attack, including but not limited to a motion under Title 28, United States Code, Sections 2241 or 2255."  Court's Docket Doc. No. 122.

the Court is not a party to the plea bargain, sentencing is matter within the discretion of the Court, the Court is under no obligation to accept recommendations made by the government, and the Court in its discretion may impose a sentence up to the statutory maximum. See id. Additionally, the government agreed to a total of five levels of downward departures and to recommend a sentence at the bottom of the range, "that is, a sentence of no more than 87 months." Id.

On February 11, 2008, the Court sentenced Petitioner to 87 months in custody and 60 months supervised release. Judgment and commitment were entered on February 15, 2008. Petitioner timely filed this § 2255 petition on May 14, 2008. See 28 U.S.C. § 2255(f). Petitioner contends that he is entitled to a post-sentence downward departure under 5K2.19. See Court's Docket Doc. No. 134. Also, although not clear, it appears that Petitioner contends that his counsel was ineffective for not requesting a two-level downward departure for his status as a deportable alien. See id. Petitioner also states, "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically inquired by defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time." Id.

## Legal Standard

*General 28 U.S.C. § 2255*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently

frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

*Waiver of Appellate Rights*

A defendant may waive his right to file a § 2255 petition. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). Courts will "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." Speelman, 431 F.3d at 1229; Jeronimo, 398 F.3d at 1153. However, a claim that counsel's erroneously unprofessional inducement caused the petitioner to accept a plea bargain, i.e. counsel's ineffectiveness caused the plea to be involuntary, implicates the validity of the plea bargain itself, and such a claim is not waived. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2006); (discussing Jones v. United States, 167 F.3d 1142, 1145-46 (7th Cir. 1999)); Pruitt, 32 F.3d at 433.

*Ineffective Assistance of Counsel*

To establish a constitutional violation for ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Jeronimo, 398 F.3d at 1155. To prove a deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious

1 advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985); see also
2 Jeronimo, 398 F.3d at 1155. To show prejudice, the petitioner must demonstrate that "there is a
3 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
4 would have been different." Strickland, 466 U.S. at 694.  Thus, in the context of a plea bargain,
5 the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner
6 would have rejected the plea offer and insisted on going to trial.  See Hill, 474 U.S. at 58-59;
7 United States v. Alvarez-Tautimez, 160 F.3d 573, 577 (9th Cir. 1998); Risher v. United States,
8 992 F.2d 982, 984 (9th Cir. 1993).  A court addressing a claim of ineffective assistance of
9 counsel need not address both prongs of the *Strickland* test if the petitioner's showing is
10 insufficient as to one prong.  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an
11 ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be
12 so, that course should be followed."  Id.  Courts considering ineffective counsel claims "indulge
13 a strong presumption that counsel's conduct falls within the wide range of reasonable
14 professional assistance."  Id., at 689; Jeronimo, 398 F.3d at 1155.

**Petitioner's Argument**

**1.    Downward Departure Under 5K2.19**

Petitioner states that he has maintained "clear conduct" and has been making efforts at rehabilitating himself.  Petitioner states that he is entitled to a post-conviction downward departure based on his conduct and U.S.S.G. 5K2.19.

**Discussion**

Construing Petitioner's argument as either a request for re-sentencing or an allegation of ineffective assistance of counsel, relief is not warranted.  First, assuming that what Petitioner requests does not constitute a "challenge" to his sentence, see Court's Docket Doc. No. 122; Abarca, 985 F.2d at 1014, his allegations are nevertheless conclusory and provide no factual specifics.  See Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194.  Second, 5K2.19 reads, "Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward

departure when resentencing the defendant for that offense." By its express terms, post-sentence rehabilitative efforts cannot form the basis for a downward departure during resentencing. U.S.S.G. § 5K2.19; United States v. Thompson, 315 F.3d 1071, 1078 n.1 (9th Cir. 2002). Thus, 5K2.19 cannot form the basis for a downward departure.

**2.      Ineffective Assistance of Counsel Due To Misrepresentations**

Petitioner appears to argue that he was misadvised by his counsel and that counsel made misrepresentations to him.

### Discussion

To the extent that Petitioner argues that misrepresentations were made to him, his allegations are conclusory and insufficient. Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194. There is no description of what counsel said to Petitioner, there is no description of any omissions, and there is no indication that Petitioner would not have taken the plea bargain but for the allegedly improper conduct of his counsel. See Jeronimo, 398 F.3d at 1155; Risher, 992 F.2d at 984. The plea agreement lists the charges that petitioner was facing, describes the factual basis for the charge to which the plea agreement applied, described the government's and the Petitioner's duties under the agreement, described the rights that Petitioner waived including the right to trial by jury, and is signed by the Petitioner. Importantly, the plea bargain also states that the government would recommend a sentence of 87 months, which was precisely Petitioner's sentence. There is no indication that the plea was involuntary. Relief is inappropriate.

**3.      Ineffective Assistance of Counsel For Failure To Raise Deportable Alien Status**

Citing United States v. Smith, 27 F.3d 649, 655 (D.C. Cir. 1994), Petitioner appears to argue that his counsel should have argued for further downward departures due to Petitioner's status as a deportable alien.

### Discussion

Petitioner agreed to waive his right to challenge (including through § 2255) his sentence and the manner in which it was determined. See Court's Docket Doc. No. 122. Petitioner's

contention is a challenge to either the sentence imposed or the manner in which his sentence was determined, that is, the contention is within the language of the waiver provisions of the plea bargain.  As discussed above, there is no indication that the plea bargain was involuntary.  Since the alleged error involves sentencing and not the acceptance of the plea bargain, the error does not affect the voluntariness of the plea bargain itself.  See Pruitt, 32 F.3d at 433.  Accordingly, the waiver will be enforced.[2]  See Speelman, 431 F.3d at 1229; Abarca, 985 F.2d at 1014; cf. Pruitt, 32 F.3d at 433.

## Conclusion

Petitioner has failed to allege specific facts that would entitle him to relief under § 2255.  As such, a hearing is not necessary, and the petition will be denied.

Accordingly, IT IS HEREBY ORDERED that Petitioner's requested relief under 28 U.S.C. § 2255 is DENIED.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:     July 8, 2009**                               /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the D.C. Circuit case of *Smith* indicated that a downward departure may be appropriate where a defendant's alien status was "likely to cause a fortuitous increase in the severity of his sentence." Smith, 27 F.3d at 655.  Petitioner merely states that he should receive a departure because he is deportable, his allegations are conclusory and he provides no facts or details that indicate that he suffers from a fortuitous increase in the severity of his sentence.